UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------

KELONTAE CARTER,  :
: Case No. 4:19-cv-208
    Petitioner,  :
:
vs.  : OPINION & ORDER
:
WARDEN CHRISTOPHER LAROSE,  :
:
    Respondent.  :

------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On January 29, 2019, Petitioner Kelontae Carter petitioned this Court for habeas corpus relief under 28 U.S.C. § 2254.[1] On May 12, 2021, the Court denied Carter's petition.[2]

Petitioner Carter has appealed this Court's habeas petition ruling and now requests a Certificate of Appealability.[3] For the reasons described below, the Court **GRANTS** Petitioner Carter a Certificate of Appealability on his Confrontation Clause claim and **DENIES** Carter a Certificate of Appealability on his remaining four claims.

## I. Legal Standard

Habeas corpus petitioners are not entitled to appeal this Court's decision by right.[4] Rather, the Antiterrorism and Effective Death Penalty Act first requires a § 2254 petitioner to request and obtain a Certificate of Appealability before going ahead with an appeal.[5]

To obtain a Certificate of Appealability, a petitioner must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[6]

## II. Discussion

---

[1] Doc. 1.
[2] Doc. 14.
[3] Doc. 15.
[4] *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).
[5] *Id.*
[6] *Id.* at 338 (citing *Slack v. McDaniel*, 529 U.S. 473, 483 (2000)).

Case No. 3:18-cv-451
Gwin, J.

### a. Confrontation Clause Claim

In Ground One of his petition, Petitioner Carter argues that the trial court violated his Sixth and Fourteenth Amendment rights by allowing the government to introduce a deceased co-defendant's statements at trial.[7] Petitioner argues that these statements were testimonial, and that introducing the statements violated his Confrontation Clause rights because he did not have an opportunity to cross-examine the declarant.[8]

In the order denying Petitioner Carter's petition, this Court held that the deceased co-defendant's statements were not testimonial.[9]

The Court grants a Certificate of Appealability on Ground One, Petitioner Carter's Confrontation Clause claim. Although the Court continues to believe that the statements were not testimonial under Sixth Circuit precedent, the legal standards for testimonial statements continue developing in the wake of *Crawford v. Washington*, 541 U.S. 36 (2004). As a result, reasonable jurists might debate this outcome.

### b. Remaining Claims

The Court denies a Certificate of Appealability on Petitioner Carter's remaining claims: an equal protection claim related to the use of for-cause *voir dire* strikes, an ineffective assistance of counsel claim, a sufficiency of the evidence claim, and a mandatory bind-over claim.

Petitioner Carter did not object to the Report and Recommendation analysis for any of these four claims.[10]

---

[7] Doc. 1 at ¶¶ 10-18.
[8] *Id.*; Doc. 13.
[9] Doc. 14 at 4-6.
[10] Doc. 13.

-2-

Case No. 3:18-cv-451
Gwin, J.

Magistrate Judge Greenberg concluded that Petitioner Carter procedurally defaulted his bind-over claim and part of his equal protection claim.[11] Petitioner Carter did not address procedural default in his petition, nor did he object to Magistrate Judge Greenberg's procedural default recommendation.[12] He did not, therefore, make the necessary showing for a certificate of appealability.

As for the part of the equal protection claim that Petitioner Carter properly preserved, reasonable jurists would not find the issue debatable. Petitioner Carter brings a *Batson* claim related to jury selection but presents argument about jurors struck for cause. Based on the trial record, removing those jurors for cause was not contrary to or an unreasonable application of clearly established law.[13]

The Court also declines to issue a Certificate of Appealability on Petitioner's ineffective assistance of counsel claim. The alleged representational errors that Petitioner raises fall far short of making out a claim under the *Strickland* standard.[14] Petitioner does not show that reasonable jurists would find this assessment debatable.

Finally, the Court declines to issue a Certificate of Appealability on Petitioner Carter's claim that insufficient evidence supports his conviction. At trial, the state's evidence included (1) a detective's testimony about Petitioner's self-reported intent to commit a robbery; (2) ballistic evidence; (3) "physical evidence that Petitioner was in the room where the murder occurred and had handled one of the guns;" and (4) Petitioner's friend's testimony about Petitioner's intent.[15] After Magistrate Judge Greenberg recommended denying this

---

[11] Doc. 9 at 14-17.
[12] *Id.*; Doc. 13.
[13] Doc. 9 at 28-39.
[14] *Id.* at 39-42, 46, 49, 51.
[15] *Id.* at 54-55.

Case No. 3:18-cv-451
Gwin, J.

ground for relief, Petitioner did not challenge the recommendation.[16] Petitioner does not show that reasonable jurists would find this assessment debatable.

### III. Conclusion

For these reasons, the Court **GRANTS** Petitioner Carter a Certificate of Appealability on his Confrontation Clause claim and **DENIES** Carter a Certificate of Appealability on his remaining claims.

IT IS SO ORDERED

Dated: February 8, 2022     *s/     James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE

---

[16] Doc. 13.

-4-